

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: SCOTT M. FAVRE      Case No. 1:07cv1261 HSO-JMR
        Appellant

---

LYNDON PROPERTY INSURANCE COMPANY      PLAINTIFF/APPELLEE

VERSUS      Case No. 1:07cv1261 HSO-JMR

SCOTT M. FAVRE      DEFENDANT/APPELLANT

### BRIEF OF THE APPELLANT

---

COMES NOW the Appellant, SCOTT M. FAVRE (hereinafter "Favre"), by and through his Counsel of Record, David L. Lord and files his Appellant Brief.

### Table of Contents

| Topic or Authorities Cited | Page(s) |
|---|---|
| Basis for Appellate Jurisdiction | 3-4 |
| Statement of Issues on Appeal | 4-5 |
| Standard of Appellant Review | 5 |
| Statement of the Case | 5-8 |
| Argument | 8-18 |
| Conclusion | 18 |

### Table of Cases, Statutes, or other Authorities Cited

| | |
|---|---|
| 28 U.S.C. §157(a) | 3 |
| 28 U.S.C. §158(a) | 3 |

1

| | |
|---|---|
| Rule 8001(a) Federal Rules of Bankruptcy Procedure (hereinafter "F.R.B.P.") | 4 |
| In re CPDC, Inc., 337 F. 3rd 436 (5th Cir. 2003) | 5 |
| 11 U.S.C. §523(a)(4) | 5 |
| 11 U.S.C. §727(a)(4)(A) | 5 |
| 11 U.S.C. §105 | 7 |
| Rule 56 F.R.C.P. | 8-9 |
| Cooper Tire & Rubber Co. v. Farese, 423 F. 3rd 446 (5th Cir. 2005) | 9 |
| Murray v. Earle, 405 F. 3rd 278 (5th Cir. 2005) | 9 |
| Hamilton v. Seque Software, Inc., 232 F. 3rd 473 (5th Cir. 2000) | 9-10 |
| Thompson v. Goetzmann, 337 F. 3rd 489 (5th Cir. 2003) | 10 |
| Shelton v. Am Ins. Co., 507 So. 2d 894 (Miss. 1987) | 10 |
| Trainor v. Apollo Metal Specialties, Inc., 318 F. 3rd 976 (10th Cir. 2002) | 10 |
| Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F. 3rd 1099 (9th Cir. 2000) | 10 |
| Article II Gun Shop, Inc. v Gonzales, 441 F. 3rd 492 (7th Cir. 2006) | 11 |
| Rule 56(e) F.R.C.P. | 11&16 |
| Walker v Cadle Co. (In re Walker), 51 F. 3rd 562 (5th Cir. 1995) | 12 |
| Rule 56(d) F.R.CP. | 12&15 |
| Rule 59 F.R.C.P. | 13 |
| Lavasphere v Niagara Machine & Toll Works, Inc., 910 F.2nd 167 (5th Cir. 1990) | 13 |
| Rule 60(b) F.R.C.P. | 14&16 |
| Christianson v Colt Industries Operating Corp., 108 S. Ct. 2166 (1988) | 15 |
| Rule 54(b) F.R.C.P. | 15 |

| | |
|---|---|
| <u>Warfield v. Byron</u>, 426 F. 3rd 551 (5th Cir. 2006) | 16 |
| 11 U.S.C. 105 (a) | 16 |
| Rule 8001 F.R.C.P. | 4&17 |
| 28 U.S.C. §158 (a)(1) | 17 |
| 28 U.S.C. §158 (a)(2) | 17 |
| Rule 8002 F.R.C.P. | 17 |
| Rule 7052 F.R.C.P. | 17 |
| Rule 9023 F.R.C.P. | 17 |
| Rule 9024 F.R.C.P. | 17 |
| 11 U.S.C. §1121(d) | 17 |
| <u>Gray v Beverly Enterprises of Mississippi, Inc.</u>, 390 F. 3rd 400 (5th Cir. 2004) | 18 |

## Basis of Appellate Jurisdiction

The basis for appellate jurisdiction is derived from the procedures delineated in 28 U.S.C. §157(a) providing that:

> "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

the provisions of 28 U.S.C. §158(a) wherein:

"the district courts of the United States shall have jurisdiction to hear appeals
(1) from final judgments, orders, and decrees;...
And with leave of the court, from interlocutory
orders and decrees, of bankruptcy judges under
section 157 of this title. An appeal under this
subsection shall be taken only to the district
court for the judicial district in which the
bankruptcy judge is serving."

and Rule 8001(a) F.R.C.P.

## Statement of the Issues on Appeal and Standard of Appellate Review

### Statement of the Issues on Appeal

The issues on appeal are:

1. Did the bankruptcy court commit error by disregarding the exhibits and affidavits submitted by the Appellant supporting his Brief incorporating his statement of material facts in opposition to a Motion for Partial Summary Judgment?

2. Did the bankruptcy court commit error by granting the Motion for Partial Summary Judgment?

3. Did the Bankruptcy Court commit error by retaining and exercising jurisdiction to subsequently amending its Judgment Granting Partial Summary Judgment after an appeal had been filed?

4. Did the bankruptcy court commit error in denying the Appellant's Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment, or in the Alternative, to Set Aside Partial Summary Judgment and

4

Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006?

## Standard of Appellate Review

The district court, considering an appeal from the bankruptcy court, reviews conclusions of law *de novo*; findings of fact are reviewed for clear error; and mixed questions of fact and law are reviewed *de novo*. In re CPDC, Inc., 337 F. 3d 436, 441 (5th Cir. 2003). Since this appeal concerns issues of law, and only tangentially questions of fact, the standard of review is *de novo*.

## Statement of the Case

This matter originates with Favre's original voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code filed on November 20, 2000 and assigned Case #00-55067. Among the Debtor's creditors is Lyndon Property Insurance Company (hereinafter "Lyndon"). During the continued pendency of the Debtor's case, an Adversary proceeding entitled Lyndon Property Insurance Company's Objection to Discharge and Complaint to Determine Dischargeability of Debt (ROA 27) was initiated on August 16, 2001 by Lyndon pursuant 11 U.S.C. §523(a)(4) (hereinafter, if necessary, referred to as the "§523 matter") seeking to declare the indebtedness to Lyndon nondischargeable and 11 U.S.C. §727(a)(4)(A) (hereinafter, if necessary, referred to as the "§727 matter") seeking to deprive Farve of a discharge. The §727 matter remains pending before the Bankruptcy Court.

By way of various pleadings on June 1, 2005 a Motion for Partial Summary Judgment (Record on Appeal [hereinafter referred to as "ROA"] Document 1) related to the §523 matter was filed by Lyndon accompanied by Lyndon's Statement of Material Facts in Support of the Motion for Partial Summary Judgment (ROA Document 2). Favre responded on August 16, 2005 with his Memorandum Brief incorporating a Statement of Material Facts, with attached Exhibits and Affidavits (ROA Document 6). Lyndon thereafter filed it's Reply Memorandum (ROA Document 7) asserting that the exhibits and affidavits submitted by Farve in support of his Response to the Motion for Partial Summary Judgment were inadequate, pursuant to pertinent case law, to support the Response and must, as a matter of law, be disregarded by the Court as probative and that the Motion for Partial Summary Judgment should be granted. The Court, persuaded by the arguments presented by Lyndon, rendered it's Opinion (ROA Document 8)and Order (ROA Document 9) on January 31, 2006 granting the Motion for Partial Summary Judgment related to the §523 matter.

An appeal, in the nature of an interlocutory appeal, was filed by Farve and prior Counsel on February 9, 2006, without, however, having been granted leave of Court to do so. It was argued by Farve that the timely appeal, certification of the record on appeal, transmittal of the record to the District Court, and assignment of civil case number 1:06cv265LTS-JMR deprived the Bankruptcy Court of further jurisdiction in the matter and that no further matters could proceed in that Court. That appeal has now been dismissed, however, its importance to the chronology of events remains significant. If the appeal was valid, then, in that event, deprived of further jurisdiction, the Bankruptcy Court could not, as a matter of law, alter or amend its previous judgment.

Coincidentally, or by design, on February 10, 2006 Lyndon filed its Motion to Alter or Amend Judgment (ROA Document 10) and its related supporting brief (ROA

6

Document 11) seeking to amend the Judgment to specify the amount of the debt declared to be nondischargeable by the Partial Summary Judgment. A Response (ROA Document 12) was timely filed by Farve on April 10, 2006 and upon a Preliminary Hearing on April 13, 2006 the Motion was granted. On May 23, 2006 an Amended Judgment Granting Partial Summary Judgment was filed granting Lyndon a nondischargeable judgment in the amount of $810,348.10 (ROA Document 13).

Thereafter, seeking to finalize the §523 matter Lyndon filed it's Motion for Entry of a Final Judgment (ROA 14) accompanied by a supporting brief (ROA 15). At this point in the proceedings, by proper Notice and Motion an Order Substituting Counsel for Farve was entered (ROA 28). Farve filed a timely Response to Lyndon's Motion for Entry of a Final Judgment citing the pending appeal to the United States District Court and alleging deprivation of the United States Bankruptcy Court of jurisdiction for further proceedings (ROA 16). Additionally, on August 11, 2006, Farve filed his Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment or in the Alternative to Set Aside Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006 (ROA 17), arguing that the Bankruptcy Court, as a matter of law, disregarded admissible evidence of Favre supporting an actual controversy and arguing the right and obligation of the Bankruptcy Court, pursuant to the requirements of the F.R.C.P. and inherent in the Court's equitable authority pursuant to 11 U.S.C. §105, to revise its opinion and Order. Lyndon filed its Response (ROA 18). The Bankruptcy Court requested the submission of Briefs on the issues and on November 28, 2006 Lyndon filed its Brief in Support of Motion for Entry of a Final Judgment and in Opposition to Favre's Motions to Reconsider or Set Aside Partial Summary Judgment (ROA 19). A Reply Brief by Farve was filed January 22, 2007 (ROA 20) and a Rebuttal Brief by Lyndon on

February 2, 2007 (ROA 21).

The Bankruptcy Court rendered its Opinion (ROA 22), and its Order and Final Judgment (ROA 23) on September 27, 2007 which were entered of record on September 29, 2007.

Notice of Appeal regarding this appeal was filed October 9, 2007 and Designation of the Record (ROA 25) filed November 5, 2007 and amended November 29, 2007 (ROA 26).

## Argument

First, the Appellant assigns as error the Bankruptcy Court's disregard of the exhibits and affidavits of Favre in opposition to partial summary judgment. Such disregard is clearly erroneous as a matter of law. Clear and convincing evidence, including, but not limited to, testimony presented by deposition, documentary evidence and affidavits were all supported by the sworn affidavit of Farve. This evidence collectively constitutes Favre's statement of material facts and is contained in Farve's Memorandum Brief filed in response to Lyndon's original Motion for Partial Summary Judgment. The evidence contained therein clearly and convincingly controverts the allegations of Lyndon. Conversely, Lyndon's Statement of Material Facts does nothing more than restate the allegations contained in the original Adversary Objection to Discharge and Complaint to Determine Dischargeability of Debt (ROA 27). More is required in support of any motion for summary judgment.

Rule 56 F.R.C.P. provides the framework and procedure regarding Motions for Summary Judgment. Lyndon's Motion is among the most common and simplified

versions, submitted without supporting affidavits as permitted by Rule 56(a) F.R.C.P. It is within Lyndon Property Insurance Company's Memorandum in Support of its Motion for Summary Judgment that the allegations are contained seeking to support the Motion. A review of the Memorandum indicates an introduction to the factual background concerning the parties pre-litigation relationship; a description of the documents related to the relationship; and a recitation of certain monetary disbursements made by Farve and alleged by Lyndon to be a breach of a fiduciary relationship and a breach of trust monies. The affidavits and exhibits forming part Lyndon's Statement of Material Facts in Support of its Motion for Partial Summary Judgment constitute no more than mere assertions of Lyndon's adverse allegations against Farve. Farve, in his Response to and Memorandum Brief in Support of his opposition to the Motion for Partial Summary Judgment clearly delineates multiple issues of real controversy. He has proffered exhibits and his own authenticating affidavit which pursuant to Rule 56(c) F.R.C.P. bear equal weight with those of Lyndon. Clearly there are genuine issues regarding many facts in direct contravention of Rule 56(c) F.R.C.P. and therefore no form of summary judgment, partial or otherwise, should be rendered.

Summary judgment is appropriate when " the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Cooper Tire & Rubber Co. V. Farese, 423 F.3d 446 (5th Cir. 2005). "The facts and inferences must be construed in the light most favorable to the nonmoving party when reviewing…a summary judgment." Ibid quoting Murray V.

Earle, 405 F. 3d 278, 284 (5th Cir. 2005). "An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Hamilton V. Segue Software, Inc., 232 F. 3$^{d}$ 473, 477 (5th Cir. 2000). A fact issue is material if its resolution could affect the outcome of the action. Thompson V. Goetzmann, 337 F. 3rd 489, 502 (5th Cir. 2003). Applying Mississippi law the 5th Circuit, citing Shelton V. Am. Ins. Co., 507 So. 2d 894, 896 (Miss. 1987), stated that "where a contract is ambiguous and uncertain, questions of fact are presented which are to be resolved by the trier of facts, {therefore,} the granting of summary judgment is inappropriate."

The 10th Circuit has clarified the standard for summary judgment even further:

> "Even when, as here, the moving party does not have the ultimate burden of persuasion at trial, it has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law. The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial. If the moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."

Continuing, the Court said "Because Mr. Trainor is the nonmoving party, we must take his factual allegations as true and draw all reasonable inferences from the evidence in his favor." Trainor V. Apollo Metal Specialties Inc., 318 F.3d 976 (10th Cir. 2002) citing Nissan Fire & Marine Ins. Co. V Fritz Cos., 210 F. 3d 1099, 1102 (9th Cir. 2000). Most

importantly, the evidence must be weighed in favor of the non-moving party. The specific nature and character of the evidence must make it admissible at trial and be supported by affidavit of someone with sufficient knowledge to identify, tender and admit the documentary evidence. Favre's Statement of Material Facts in opposition to the entry of summary judgment was improperly characterized by Lyndon. Farve independently made affidavit as to the accuracy and admissibility of the statements and documents submitted in his Statement of Material Facts. Such an affidavit brings before the Court, for its consideration, all of the related documents and attachments. See Article II Gun Shop, Inc. V. Gonzales, 441 F.3d 492 (7th Cir. 2006) wherein the Court recognized that documents attached to a proper affidavit must be considered by the Court. "There is a distinction between a documents authenticity and its admissibility...to be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Favre, in his Response to Plaintiff's Motion for Partial Summary Judgment and Memorandum Brief properly submitted a sworn affidavit that meets the requirements of Rule 56(e) and therewith submitted additional documents, all of which, with personal knowledge of the contents and actions of the parties he would be competent to introduce into evidence. Without the consideration of these documents, the assertions by Lyndon, being then uncontroverted, resulted in summary judgment essentially by default. The obligations delineated in Trainor, op cit., imposed upon the moving party of "producing affirmative evidence negating an essential claim of the nonmovants claim or by showing that the

nonmoving party does not have enough evidence to carry its burden of persuasion at trial." all the while "taking the nonmovants factual allegations as true and draw(ing) all reasonable inferences from the evidence in his favor." Farve submits that, as a matter of law, the documents and supporting affidavit were improperly excluded from consideration by the Court and the Judgment Granting Partial Summary Judgment and the Amended Judgment Granting Partial Summary Judgment should be set aside.

In the event that, tangentially, that the Court reviews the Opinion of the Bankruptcy Court of January 31, 2006 (ROA 8) strictly as a factual matter and applies the "clear error" standard of review as prescribed by the Fifth Circuit Court of Appeals in Walker V. Cadle Co. (In Re Walker), 51 F. 3d 562, 565 (5th Cir. 1995) where "Under the clear error standard, this court will reverse 'only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made.'" still error persists. The Bankruptcy Court's recitation of the "Factual Background" presumably in the nature of finds of fact are merely recitations of the allegations of Lyndon. The "Conclusions of Law" are simply erroneous. The affidavits and supporting documents of Lyndon are of no more probative weight than those submitted by Farve.

Did the Bankruptcy Court, then compound the error of disregarding probative evidence by granting the Motion for Partial Summary Judgment? Not only should supporting documents and affidavit of Favre have been given probative weight by the Bankruptcy Court but the Court, pursuant to Rule 56(d) F.R.C.P.-

> "shall, if practicable, ascertain what material
> Facts exist without substantial controversy and what

12

> material facts are actually and in good faith controverted. It shall thereupon
> make an order specifying the facts that appear without substantial
> controversy, including the extent to which the
> amount of damages or other relief is not in
> controversy, and directing such further proceedings
> in the action as are just. Upon the trial of
> the action the facts so specified shall be deemed established, and the trial
> shall be conducted accordingly."

Clearly judgment was not rendered upon the whole case, nor upon all of the issues in the case. In order to delineate the amount of damages Lyndon had to file a Motion to Alter or Amend the Order Granting Partial Summary Judgment. As previously noted, the §727 matter remains unresolved sand continues pending in the Bankruptcy Court. Clearly the better alternative would have been to determine those facts which are not controverted and proceed to trial on the remaining issues to fully resolve the dispute.

Given the opportunity to revisit the opinion and order with Farve's Motion to Reconsider or Set Aside pursuant to Rule 59 F.R.C.P., the Court declined. Certain factors must be considered by the Court...<u>Lavasphere v Niagara Machine & Toll Works, Inc.</u>, 910 F. 2nd 167 (5th Cir. 1990) where the Court recognized-

> "that while a district court has considerable
> discretion in deciding whether to reopen a case
> in response to a motion for reconsideration,
> such discretion is not limitless (at 174).
> ***This Court has identified two important judicial
> imperatives relating to such a motion: 1) the
> need to bring litigation to an end; and 2) the
> need to render just decisions on the basis of
> all the facts. Id. (citations omitted). The
> task for the district court is to strike the proper
> balance between these competing interests."***
> **(Emphasis added)**

In the case at hand, it is neither concluded nor is the decision rendered on the basis of all of the facts. Thus here we have no competing interests.

Similarly Rule 60(b) F.R.C.P. offered the Bankruptcy Court the opportunity to revisit the prior Opinion and Order of the Court Granting Partial Summary Judgment-

> "On Motion and upon such terms as are just, the court may relieve a party, or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; of (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subsection (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relive a party from a judgment, order or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. §1665, or to set aside a judgment for fraud upon the court. Writs of coram nobis, corum vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

As noted, various provisions permit the Court to review any opinion, decision, order or judgment entered. Any one of them would allow the Court to revisit it's Opinion, the Order Granting Partial Summary Judgment, the Amended Judgment Granting Partial Summary Judgment, and the Final Judgment. But considered collectively these provisions communicate clearly that there were multiple opportunities for the Court to correct a continuing injustice. Even Lyndon concurs that the Court has

the power to revise it's prior decisions, though they should:

> "Be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."
> Christianson V. Colt Industries Operating Corp., 108 S. Ct. 2166, 2178 (1988)

Such is the case at hand. By relying solely upon the legal arguments presented by Lyndon to exclude the Statement of Material Facts, Farve's supporting Affidavit and the attachments thereto a clearly erroneous and manifestly unjust decision was entered.

Rule 54(b) F.R.C.P. provides that:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third- party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claim or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claim or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claim and the rights and liabilities of all the parties."

At the time Favre filed his Motion to Reconsider or Set Aside no final order or judgment has been entered and no express determination has been made by the Court that there was no just reason for delay and expressly directing the entry of a final judgment.

Rule 56(d) F.R.C.P. permits the Court, if a case is not fully adjudicated by the Summary Judgment, and this case is clearly and admittedly by Lyndon, not fully adjudicated, to inquire by interrogation as to what material facts are controverted and

15

"direct such further proceedings in the action as are just." Again, to "prevent manifest injustice" the Court is empowered by Rule 56(d) to direct further proceedings "as are just." Rule 56(e) F.R.C.P. would have allowed the Bankruptcy Court to permit the supplementation of affidavits or opposition to the Motion for Summary Judgment "by depositions, answers to interrogatories, or further affidavits." Thus, not only should the Court have properly considered into evidence the matters set forth in Farve's Statement of Material Facts but the Rule presumes that supplementation may be permitted by the Court. Even if inadmissible, and it is not conceded that such is the case, the Court could clearly, and without error, have permitted Farve to supplement his Statement of Material Facts and supporting documentation.

Rule 60(b) F.R.C.P. again afforded the Bankruptcy Court the opportunity to revisit its previous Opinion and Order Granting Partial Summary Judgment. The 5th Circuit, when considering Rule 60(b) relief has stated that "To overturn the district court's denial (of a Rule 60(b) Motion) it is not enough that the grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion. However, where denial of relief precludes examination of the full merits of the cause, even a slight abuse may justify reversal." Warfield V. Byron, 436 F.3d 551 (5th Cir. 2006) Farve has been denied the examination of the full merits of this entire cause of action.

Additionally and equally important is the inherent equitable authority of the Bankruptcy Court in 11 U.S.C. §105(a).

"The court may issue any order, process, or judgment

16

that is necessary or appropriate to carry out the
provisions of this title. No provision of this title
providing for the raising of an issue by a party in
interest shall be construed to preclude the court from,
<u>sua sponte</u>, taking any action or making any determination
necessary or appropriate to enforce or implement
court orders or rules, or to prevent an abuse of process."

Finally, did the appeal of the Bankruptcy Court's Opinion and Order Granting Partial Summary Judgment, Notice of which was filed November 9, 2006 and certification thereof and assignment to the United States District Court deprive the United States Bankruptcy Court of further jurisdiction and render all subsequent proceedings during the pendency of the appeal as moot?

Rule 8001 F.R.C.P. provides that an appeal may be taken, as a matter of right, from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. §158(a)(1) or (a)(2) and shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002 (10 days unless tolled by intervening motion pursuant to Rule 7052, Rule 9023 or Rule 9024). 28 U.S.C. §158(a)(1) however limits such appeals to *final* (emphasis added) judgments, orders, and decrees and (a)(2) from interlocutory orders and decrees issued under 11 U.S.C. §1121(d).

Consequently, if the Court's Opinion and Order Granting the Motion for Partial Summary Judgment of January 31, 2006 was a *final* order the appeal terminated the jurisdiction of the Bankruptcy Court and the subsequent Motion to Alter or Amend Judgment and the Motion for Entry of a Final Judgment are moot.

There is no necessity for the "magic language" of an express determination by the Court that there is "no just reason for delay" if "the language of the order appealed, independently or read together with other portions of the record, reflects the court's unmistakable intent to render the issue appealable under Rule 54(b) and nothing else is required to make the order appealable." Gray V. Beverly Enterprises of Mississippi Inc., 390 F.3d 400 (5th Cir. 2004).

### Conclusion

This honorable Court should reverse the Bankruptcy Court's entry of it's Opinion and Order Granting Partial summary Judgment dated January 31, 2006 and remand the matter for full evidentiary hearing specifically directing the consideration of Farve's Response to Plaintiff's Motion for Partial Summary Judgment and Memorandum Brief filed August 16, 2005 (ROA 6). Alternatively the Court should withdraw reference of this matter pursuant to 28 U.S.C. §157 and, sitting as the trier of fact, consider the case *de novo*. Appellant prays for general relief.

Respectfully submitted this the 7th day of January 2008.

SCOTT M. FAVRE, Appellant, by:
/s/David L. Lord
David L. Lord 1427
David L. Lord and Associates, P.A.
2300 24th Avenue
Gulfport, MS 39501
Phone: (228) 868-5667
Fax:  (228) 868-2554
ECF Email: lordlawfirm@bellsouth.net

## Certificate of Service

I, David L. Lord, do hereby certify that I have this day hand delivered the original and one true and correct copy of the above and foregoing Brief of Appellant to the Honorable Halil (Sul) Ozerden, Judge of the United States District Court, Southern of Mississippi, Dan M. Russell Jr. U.S. Courthouse, 2012 15th Street, Suite 714, Gulfport, MS 39501 and either electronically by the *Notice of Electronic Filing* or mailed by First Class U. S. Mail, postage pre-paid, a true and correct copy of same, to Robert Gambrell, Esq., Attorney for Lyndon; R. Michael Bolen, Esq., United States Trustee; and Kimberly R. Lentz, Esq., Chapter 7 Trustee on this the 7th day of January 2008.

/s/David L. Lord
David L. Lord

Robert Gambrell, Esq.
Gambrell and Stone
2462 Pass Road
Biloxi, MS 39531
rgbk@gulfcoastlawyer.com
rsbk@gulfcoastlawyer.com
jgbk@gulfcoastlawyer.com

R. Michael Bolen, Esq.
U.S. Trustee
100 W. Capitol St., Suite 706
Jackson, MS 39269
USTPRegion05.JA.ECF@usdoj.gov

Kimberly R. Lentz, Esq.
Chapter 7 Trustee
2012 23rd Avenue
Gulfport, MS 39501
7trustee@bellsouth.net