IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT M. FAVRE | § | APPELLANT |
| | § | |
| v. | § | Civil No. 1:07cv1261HSO-JMR |
| | § | |
| LYNDON PROPERTY INSURANCE | § | |
| COMPANY | § | APPELLEE |

## ORDER AND REASONS AFFIRMING THE UNITED STATES BANKRUPTCY COURT AND DISMISSING APPEAL

THIS MATTER COMES BEFORE THE COURT as an appeal taken by Scott M. Favre ("Favre"), Debtor below.  Favre appeals the January 31, 2006, Order of the United States Bankruptcy Court for the Southern District of Mississippi granting Lyndon Property Insurance Company's ("Lyndon") Motion for Partial Summary Judgment, and the Bankruptcy Court's September 27, 2007, Order denying Favre's Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment or in the Alternative to Set Aside Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006, and granting Lyndon's Motion for Entry of Final Judgment.  Lyndon has filed a brief in response.

This Court's jurisdiction is predicated on its authority to hear such appeals as

provided by 28 U.S.C. § 158.[1]  Having reviewed the briefs of counsel, the relevant legal authorities and exhibits, and the record of the Bankruptcy Court, including the January 31, 2006, and September 27, 2007, Orders, this Court finds that the Orders of the Bankruptcy Court must be affirmed.

## I. FACTS AND PROCEDURAL HISTORY

On or about November 20, 2000, Favre filed an original voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code.  Favre was a debtor of Lyndon.  Lyndon filed its Complaint in the Bankruptcy Court for the Southern District of Mississippi on August 16, 2001, objecting to the bankruptcy discharge of Favre's debts under § 727(a)(4)(A) and § 523(a)(4) of the Bankruptcy Code.[2]

On or about June 1, 2005, Lyndon filed a Motion for Partial Summary

---

[1]Title 28 U.S.C. § 158(a) provides that:

[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees; and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

[2]  Lyndon alleged that Favre's schedules contained a false oath within the meaning of § 727(a)(4)(A) of the Bankruptcy Code, and that Favre had committed a defalcation while in a fiduciary capacity within the meaning of § 523(a)(4) of the Bankruptcy Code.  *See* 11 U.S.C. § 727; *see also* 11 U.S.C. § 523.

Judgment on the § 523 count only.  The Bankruptcy Court granted this Motion by Order dated January 31, 2006.  *See* Jan. 31, 2006, Bankr. Opinion [62].  Favre filed a Notice of Appeal on February 9, 2006.  Lyndon filed a Motion to Alter or Amend the Partial Summary Judgment on February 10, 2006.  By Order dated May 23, 2006, the Bankruptcy Court amended its Judgment to provide that Lyndon's non-dischargeable debt against Favre totaled $810,348.10.  *See* May 23, 2006, Bankr. Order [76].  On June 20, 2006, Lyndon filed its Motion for Entry of a Final Judgment on the § 523 claim, and on August 11, 2006, Favre filed a Motion to Reconsider Partial Summary Judgment.  On September 27, 2007, the Bankruptcy Court granted Lyndon's Motion for Entry of a Final Judgment and denied Favre's Motion to Reconsider.  *See* Sept. 27, 2007, Bankr. Order [109].  Favre's appeal, filed February 9, 2006, was dismissed *sua sponte* by this Court on February 15, 2007, for lack of prosecution.  *See* Order [4] Dismissing Appeal, *Lyndon Prop. Ins. Co. v. Favre*, 1:06cv265.  The § 727 claim remains pending before the Bankruptcy Court.

Favre filed the present appeal on December 18, 2007.  He assigns the following issues for review: (1) whether the Bankruptcy Court erred by disregarding the exhibits and affidavits supporting his Brief in Response to Lyndon's Motion for Partial Summary Judgment; (2) whether the Bankruptcy Court erred by granting Lyndon's Motion for Partial Summary Judgment; (3) whether the Bankruptcy Court erred by retaining and exercising jurisdiction of the § 523 claim after his February 9, 2006, Notice of Appeal; and (4) whether the Bankruptcy Court erred in denying

his Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment, or in the Alternative to Set Aside Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006.

## II.    LAW AND ANALYSIS

A.  Standard Of Review

> In a bankruptcy appeal, the applicable standard of review by a district court is the same as when the Court of Appeals reviews a district court proceeding. Findings of fact by the bankruptcy courts are to be reviewed under the clearly erroneous standard and conclusions of law are reviewed de novo.

*In re Evert,* 342 F.3d 358, 363 (5th Cir. 2003)(*citing Matter of Midland Indus. Service Corp.,* 35 F.3d 164, 165 (5th Cir.1994)); *In re Pequeno,* 126 Fed.Appx. 158, 162 (5th Cir. 2005); *In re Salter,* 251 B.R. 689, 692 (S.D. Miss. 2000).

B.  Did the Bankruptcy Court Err in Disregarding Evidence Submitted in Support of Favre's Response to Lyndon's Motion for Partial Summary Judgment?

Lyndon's Reply in Support of its Motion for Partial Summary Judgment argued that the materials submitted by Favre in support of his Response to Lyndon's Motion for Partial Summary Judgment contained evidentiary deficiencies. *See* Bankr. Opinion [62] at p. 3. Specifically, it pointed to "affidavits not sworn and certain documentation not authenticated." *Id*. The Bankruptcy Court agreed with Lyndon and "conclude[d] that the supporting documentation provided by Favre [was] insufficient to prove a genuine issue of material fact." *Id*.

On at least one occasion, Favre has conceded that the affidavits submitted in support of his Response to Lyndon's Motion for Partial Summary Judgment were

deficient pursuant to Rule 56(e) of the Federal Rules of Civil Procedure.  *See* Mot. to Recons. at p. 2 (stating "[t]he Reply Brief of Lyndon adequately, correctly, and succinctly summarized the deficiencies, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure (hereafter 'F.R.C.P.'), in the Statement of Material facts of Favre and the Affidavits submitted in support of his Statement of Material Facts"); *see also id.* at p. 3 (stating "[t]he Court's Opinion of January 31, 2006 and the Order of even date implementing the opinion rest squarely upon the Defendant's failure to provide adequate and appropriate affidavits pursuant to Rule 56 F.R.C.P...."). Favre now contends that this evidence was competent and admissible.

Because the exclusion of evidence is a question of law, the Court conducts a de novo review of the Bankruptcy Court's decision.  The evidence at issue includes the purported affidavits of Mary Beth Cardin and Scott Favre, the signed statement of Herman Johnson, and Exhibits 3,7,10, and 14 to Favre's Response.  The Bankruptcy Court excluded this evidence on the grounds that Cardin and Johnson's purported affidavits were unsworn; that Cardin's affidavit gave no indication that she had personal knowledge of the matters set forth therein; that Johnson's signed statement failed to aver that its contents were true and correct under penalty of perjury; that Favre's affidavit was based upon conclusory and unsupported allegations; and, that Exhibits 3, 7, 10, and 14 were not authenticated and that two of the documents contained handwritten notes by unknown persons.

Rule 56(e) of the Federal Rules of Civil Procedure states, in part, that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts

-5-

that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated....". FED. R. CIV. P. 56(e)(1). Furthermore, "[i]t is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment." *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). The law is clear:

> [b]y definition, an affidavit is a sworn document, declared to be true under the penalties of perjury. Courts usually treat written statements subject to the penalty of perjury as the equivalent of an affidavit for summary judgment. To be considered in connection with a summary judgment motion, the rule requires that submissions in the form of statements be prepared as affidavits, and that all papers referred to in an affidavit be in the form of certified copies of sworn documents. Failure to submit materials in this form will cause the submission to be disregarded by the court in its consideration of the pending motion.

11-56 MOORE'S FEDERAL PRACTICE–CIVIL § 56-14(1)(b) (3d ed. 2008).

Based upon the law and a review of the Cardin affidavit and Johnson statement, the Court is of the opinion that the Bankruptcy Court did not err in excluding them.[3] For the reasons cited by the Bankruptcy Court and those argued in Lyndon's Reply in support of its Motion for Partial Summary Judgment, as well as in its Appellee Brief, the Court finds that these affidavits were deficient and incompetent for purposes of opposing a summary judgment motion.

As for Favre's affidavit, "[u]nsupported allegations or affidavits setting forth

---

[3] To constitute competent summary judgment evidence, the Johnson statement must likewise comply with Rule 56(e). *See Okoye v. Univ. of Tex. Houston Health Science Ctr.,* 245 F.3d 507, 515 (5th Cir. 2001)(finding that an unsworn statement "is not competent summary judgment evidence because it does not comply with the requirements of Federal Rule of Civil Procedure 56(e).").

ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)(internal quotations omitted). Here, Favre's affidavit merely summarizes and expresses his agreement or disagreement with preceding exhibits, and otherwise offers various unsupported opinions regarding his relationship with the surety. Because Favre's affidavit is comprised of nothing more than conclusory allegations and legal arguments, the Bankruptcy Court was well within its discretion in striking it from the record.

Lastly, "[u]nauthenticated documents are improper as summary judgment evidence." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Upon review of Exhibits 3, 7, 10 and 14, the Court is of the opinion that they were properly challenged by Lyndon and excluded by the Bankruptcy Court. Moreover, because Favre does not "direct this Court to any basis for disagreement with the [Bankruptcy Court's] hearsay conclusion,...[his] argument lacks merit." *Hale v. Burns Intern. Sec. Services*, 72 Fed. Appx. 100, 101 n.1 (5th Cir. 2003).

For the foregoing reasons, the Court concludes that the Bankruptcy Court did not err in its exclusion of evidence submitted by Favre in his Response to Lyndon's Motion for Partial Summary Judgment.

C.  <u>Did the Bankruptcy Court Err in Granting Lyndon's Motion for Partial Summary Judgment?</u>

The entry of summary judgment by the Bankruptcy Court is reviewed de novo. *See In re Contractor Technology, Ltd.,* 376 B.R. 156, 159 (S.D. Tex.

2007)(*citing In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 328 (5th Cir. 2007)). Upon appellate review, this Court applies the same standard as the Bankruptcy Court. *See id.*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d at 328 (*citing* FED.R.CIV.P. 56(c)). "A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Id.* "If the non-moving party fails to present evidence on an essential element of that party's case on which that party has the burden of proof, there can be no genuine issue of material fact." *In re Contractor Technology, Ltd.,* 376 B.R. at 358-59(*citing Mabey v. Dixie Elec. Membership Corp.*, No. 06-30774, 2007 WL 2253503, at *2 (5th Cir. Aug. 7, 2007)).

Section 523(a) of title 11 of the United States Code states, in part, that an individual debtor will not be discharged from any debt "for...defalcation while acting in a fiduciary capacity...." 11 U.S.C. § 523(a)(4). An analysis of dischargeability under § 523(a)(4) for defalcation while acting in a fiduciary capacity involves (1) consultation of state law to determine the existence of a trust relationship, and (2) a determination of the fiduciary nature of the relationship pursuant to federal law.

*See In re M.M. Winkler and Associates*, 209 B.R. 397, 407 (N.D. Miss. 1996)(overruled on other grounds).

Here, there is and can be no dispute that a trust was created. Lyndon posted payment and performance bonds on two construction projects naming Panther Utilities of Mississippi, Inc. ("Panther"), as principal on the bonds.[4] Panther also entered into a General Agreement of Indemnity ("Indemnity Agreement") with Lyndon. Both the bonds and the Indemnity Agreement created an express trust for the construction contract funds.[5]

---

[4] At all times relevant to this lawsuit, Favre was the president, sole director, and sole stockholder of Panther.

[5] The Indemnity Agreement states that:

6.  Trust Funds

6.1  The Principal and each of the Indemnitors agree and hereby expressly declare that notwithstanding any other provision, option, right or obligation contained in this Agreement and whether or not all funds earned or unearned, due or to become due under any contract covered by a bond issued by the Surety, as well as any funds loaned or advanced to the Principal and/or any proceeds from any advance or loan guaranteed by the Surety, are and shall at all times be and constitute trust funds, whether in the possession of the Principal or another, for the benefit and payment of all persons to whom the Principal incurs obligations in the performance of such contract and for which the Surety would be liable under the Bond, or any applicable law, statute, ordinance or regulation applicable to the Bond. Nothing contained in this Agreement shall be construed so as to enlarge or broaden the obligation of the Surety with respect to any bond written by it.

Indemnity Agreement, attached as Ex. 3 to Mot. for Partial Summ. J.

Section 17.1 of the Indemnity Agreement further provides that

The parties do contest, however, whether Favre breached his fiduciary duty by disbursing contract funds to himself, Rod Colom ("Colom"), and Herman Johnson ("Johnson"), as persons not contemplated to receive payment under the bonds. The bonds clearly prescribe that contract funds are to be used "to promptly pay all lawful claims of subcontractors, materialmen and laborers for labor performed and material furnished and Incorporated in..." the Harrison County and Hancock County Projects. *See* Harrison County Bond, attached as Ex. 1 to Mot. for Partial Summ. J.; *see also* Hancock County Bond, attached as Ex. 2 to Mot. for Partial Summ. J. (stating that the "Contractor and the Surety, jointly and severally, bind themselves...to pay for labor, materials and equipment furnished for use in the performance of the Construction Contract"). There is no serious dispute that the

---

> [i]f the Surety procures the execution of any Bond by other sureties or executes the Bond with co-sureties or reinsures any portion of or all of any bond, then all the terms and conditions of this Agreement shall inure to the benefit, as their interests may appear, of such other sureties, co-sureties or reinsurers who shall have all of the rights contained in this Agreement.

*Id.*

Section 4 of the bond issued on the Harrison County construction project states that:

> All Contract proceeds payable to the Principal [Panther]...are acknowledged by the Obligee, the Principal and the Claimants, as herein defined, to be trust funds for the benefit of the Claimants or the Obligee herein designated or in the event of default, the Surety.

Harrison County Bond, attached as Ex. 1 to Mot. for Partial Summ. J.

payments made to Colom and Johnson were to repay loans made to Panther.[6] *See* Favre Depo. at p. 29, 31-32, attached as unnumbered Ex. to Jacobson Aff., attached to Mot. for Partial Summ. J. Nor is there any serious dispute that Favre disbursed payments of contract funds to himself. *See* Checks Issued to Scott Favre, attached as Ex. P-8 to Jacobson Aff., attached to Mot. for Partial Summ. J. Because the competent evidence submitted by Favre is insufficient to establish that the payments to these three persons were otherwise contemplated or authorized by the bonds, the Court finds that Favre, Colom, and Johnson were not the intended beneficiaries of the contract funds.

Nonetheless, Favre contends that he did not breach any fiduciary duty since Lyndon was aware of these disbursements. A fiduciary relationship is defined as

> [a] relation subsisting between two persons in regard to a business, contract, or piece of property,...of such a character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith. Out of such a relation, the law raises the rule that neither party may...take selfish advantage of his trust, or deal with the subject matter of the trust in such a way as to benefit himself or prejudice the other except in the exercise of the utmost good faith and with *full knowledge* and *consent* of that other.

*In re Humphrey*, 350 B.R. 657, 659 (E.D. La. 2006)(emphasis added)(*quoting Matter of Angelle*, 610 F.2d 1335, 1338 (5th Cir. 1980)).

---

[6] Favre testified that Colom, in addition to lending money to Favre, was also a subcontractor on one of the jobs. *See* Favre Depo. at p. 31-32, attached as unnumbered Ex. to Jacobson Aff., attached to Mot. for Partial Summ. J. However, there has been no evidence submitted that the $350,000.00 of contract funds at issue disbursed to Colom were payments made for subcontract work performed on either the Harrison or Hancock project. Favre has, therefore, not satisfied his summary judgment burden of demonstrating a triable issue of fact as to the $350,000.00 in contract funds at issue here.

Upon review of the record, no genuine issue of material fact exists on this point.  There is insufficient evidence to establish that Lyndon both knew *and* consented to the disbursement of contract funds to Favre, Colom, or Johnson.  At best, the evidence shows an awareness by Lyndon that some funds were paid to Colom and Johnson, however, there is no indication that Lyndon was ever aware of payments made directly to Favre, or that it actually consented to any of the payments to any of these individuals.  Based upon the foregoing, the Court is of the opinion that the Bankruptcy Court did not err in concluding that Favre breached his fiduciary duty by disbursing contract funds to himself, Colom and Johnson.

D.  <u>Did the Bankruptcy Court Err in Retaining and Exercising Jurisdiction of the § 523 Claim after Favre's February 9, 2006, Appeal?</u>

Rule 9023 of the Federal Rules of Bankruptcy Procedure governs Motions for Amendment of Judgments and makes applicable Rule 59 of the Federal Rules of Civil Procedure.  *See In re Stangel*, 68 F.3d 857, 859 n.1 (5th Cir. 1995).  The law is clear that a timely filed motion to alter or amend judgment under Rule 59(e) tolls the running of the time for filing a notice of appeal.  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)(*citing Fischer v. U.S. Dept. of Justice*, 759 F.2d 461, 464 (5th Cir. 1985)).  "Any notice of appeal filed prior to the disposition of such motion is a nullity."  *Fischer*, 759 F.2d at 464.  Furthermore, Rule 8002(b) of the Federal Rules of Bankruptcy Procedure, entitled "Time for Filing Notice of Appeal," states that

> [i]f any party makes a timely motion of a type specified immediately

> below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023;....

FED. R. BANKR. P. 8002(b).

The Bankruptcy Court entered its Opinion and Order granting Lyndon's Motion for Partial Summary Judgment on January 31, 2006. Any motion to alter or amend judgment had to be filed no later than ten days after the entry of judgment. Lyndon timely filed its Motion to Alter or Amend Judgment on February 10, 2006. The Bankruptcy Court clearly retained jurisdiction of Lyndon's § 523 claim after Favre filed its February 9, 2006, Notice of Appeal, which was itself a nullity. *See Fischer*, 759 F.2d at 464.

E.  <u>Did the Bankruptcy Court Err in Denying Favre's Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment, or in the Alternative to Set Aside Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006</u>?

Favre contends that his Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary, or in the Alternative to Set Aside Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006 ("Motion to Reconsider"), should have been granted by the Bankruptcy Court pursuant to Rules 56(d), 56(e), and 60(b) of the Federal Rules of Civil Procedure. Other than citation to these various rules and to case law permitting

-13-

reconsideration to prevent injustice, Favre references no legal authority explaining why reconsideration was warranted based upon the facts of this case. It is clear that appellate courts within this circuit may consider an appellant's challenge abandoned when inadequately briefed. *See L&A Contracting Co. v. Southern Concrete Services, Inc.*, 17 F.3d 106, 113 (5th Cir. 1994). Nevertheless, the Court is of the opinion that Favre's arguments cannot succeed on the merits, and affirms the Bankruptcy Court's denial of Favre's Motion.

Favre's Appellant Brief implies that the Bankruptcy Court erred pursuant to Rule 56(d) in resolving Lyndon's § 523 claim in lieu of determining those facts not controverted and proceeding to trial on all remaining issues. *See* Appellant Br. at p. 13. Favre further contends that Rule 56(d), in conjunction with Rule 56(e), permits a court to "direct such further proceedings in the action as are just" and thus allowed for the supplementation of his Response to the Motion for Partial Summary Judgment and attached affidavits with "depositions, answers to interrogatories, or further affidavits." *See id.* at p. 16.

Rule 56(d) in no way forecloses a court from issuing partial summary judgment on some claims and not others. *See* FED. R. CIV. P. 56. Nor is the Court of the opinion that the Bankruptcy Court erred by foreclosing Favre from supplementing his Response to the Motion for Partial Summary Judgment or the affidavits submitted therewith. Rule 56(e)(1) states, in part, that "[t]he court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits." FED. R. CIV. P. 56(e)(1). The operation of

the Rule remains discretionary with the Court. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)(stating "[w]hen summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting supplemental affidavits or otherwise"). However, the opportunity to remedy defects in summary judgment evidence is generally not afforded where the litigant is represented by counsel. *See Chambers v. Raines Elec., L.P.*, No. 3:04cv1231-M, 2005 WL 3555118, at * 4 (N.D. Tex. Nov. 1, 2005)(finding the Fifth Circuit's opinion in *Barker v. Norman*, 651 F.2d 1107 (5th Cir. 1981), which held that the district court abused its discretion by failing to afford the pro se plaintiff a meaningful opportunity to remedy hearsay defects in an affidavit that otherwise could have defeated summary judgment, inapplicable where the litigant is represented by counsel). Here, the Bankruptcy Court did not abuse its discretion by refusing to permit supplementation.

Favre also seeks reconsideration pursuant to Rule 60(b). Rule 60(b) affords relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

It is clear that reconsideration is an "extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). This Court is unable to determine from the record how Rule 60(b) relief could be afforded to Favre. Favre offers no explanation why such relief should be afforded, or which Rule 60(b) provision should govern. The Court is of the opinion that circumstances warranting reconsideration are not present under the facts of this case, and affirms the Bankruptcy Court's denial of Favre's Motion to Reconsider.[7] Based upon the foregoing, the Bankruptcy Court did not err in denying Favre's Motion to Reconsider pursuant to Rules 56(d), 56(e), and 60(b) of the Federal Rules of Civil Procedure.

### III. **CONCLUSION**

For the foregoing reasons, the Court is of the opinion that: (1) the Bankruptcy Court did not err by disregarding the exhibits and affidavits supporting Favre's Brief in Response to Lyndon's Motion for Partial Summary Judgment; (2) the Bankruptcy Court did not err by granting Lyndon's Motion for Partial Summary Judgment; (3) the Bankruptcy Court did not err by retaining and exercising jurisdiction of the § 523 claim after Favre's February 9, 2006, Notice of Appeal; and (4) the Bankruptcy Court did not err in denying Favre's Motion to Reconsider.

---

[7]The Court acknowledges that Favre cites Rule 54(b), as well as 11 U.S.C. § 105(a), in support of his argument for reconsideration. However, these provisions merely note the broad discretion of the Bankruptcy Court. They do not afford Favre any substantive relief.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the January 31, 2006, Order of the Bankruptcy Court granting Lyndon Property Insurance Company's Motion for Partial Summary Judgment, should be and hereby is **AFFIRMED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, the September 27, 2007, Order of the Bankruptcy Court denying Scott M. Favre's Motion to Reconsider Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment or in the Alternative to Set Aside Partial Summary Judgment and Amended Judgment Granting Partial Summary Judgment and to Reconsider the Opinion of the Court of January 31, 2006, and granting Lyndon Property Insurance Company's Motion for Entry of Final Judgment, should be and hereby is **AFFIRMED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this appeal is hereby **DISMISSED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Appellant is taxed with all costs of this appeal as provided by law.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE